# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **EDGAR B. TURNER, JR.,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v.  ] | Civ. No.: 2:20-cv-00824-ACA |
| ] | |
| **ANDREW SAUL,** ] | |
| **Commissioner of Social Security,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION

This case is before the court on Defendant Commissioner of Social Security Andrew Saul's ("the Commissioner") motion for summary judgment. (Doc. 10). Plaintiff Edgar B. Turner, Jr., filed a complaint against the Commissioner seeking judicial review of the denial of his claim for benefits under Titles II and XVI of the Social Security Act. (Doc. 1). The Commissioner filed a motion to dismiss, arguing that Mr. Turner's complaint was untimely and due to be dismissed. (Doc. 10 at 3). Because the Commissioner requested that the court consider evidence outside of the pleadings, the court converted the Commissioner's motion to dismiss to a motion for summary judgment. (Doc. 11).

The undisputed facts in this case show that Mr. Turner filed his complaint well outside of the time limit provided by law, and Mr. Turner has not presented evidence

of extraordinary circumstances justifying equitable tolling. Accordingly, the court **WILL GRANT** the Commissioner's motion for summary judgment.

## I.   BACKGROUND

At this stage the court views the evidence in the light most favorable to the nonmoving party, *Baas v. Fewless*, 886 F.3d 1088, 1091 (11th Cir. 2018), and "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a).

In July 2018, an Administrative Law Judge ("ALJ") denied Mr. Turner's claim for benefits under Titles II and XVI of the Social Security Act. (Doc. 10-1 at 3 ¶ 3(a)). Mr. Turner requested that the Appeals Council review the ALJ's decision, but on April 18, 2019, the Appeals Council mailed a notice to Mr. Turner denying his request for review. (*Id.* at 3 ¶ 3(a), 20–21). In its notice, the Appeals Council informed Mr. Turner that he had "60 days to file a civil action" seeking judicial review of the Appeals Council's decision. (*Id.* at 22). The letter also explained the process for filing a civil action and informed Mr. Turner that "[t]he 60 days start the day after you receive this letter" and the Appeals Council "assume[s] you received this letter 5 days after [April 18, 2021]." (*Id.* at 21–22). Further, the letter instructed Mr. Turner that he could "ask the Appeals Council to extend [his] time to file" if he could not file his suit within sixty days. (Doc. 10-1 at 22).

But Mr. Turner did not file a civil action within sixty days of his receipt of the letter or ask the Appeals Council for an extension of time. (*Id.* at 3 ¶ 3(a)). Instead, Mr. Turner filed his complaint in the District Court on June 10, 2020, almost a year after his June 24, 2019 deadline. (Doc. 1). The Commissioner filed a motion to dismiss Mr. Turner's claim. (Doc. 10). Because the Commissioner attached evidence for the court's consideration, the court converted the motion to dismiss to a motion for summary judgment, which is now before the court. (Doc. 11).

## II.    DISCUSSION

Social security claimants must file for judicial review of the Commissioner's final decision "within sixty days after the mailing to him of notice of such decision." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) (quoting 42 U.S.C. § 405(g)). The sixty-day limitation is, however, subject to equitable tolling. *Id.* To determine whether equitable tolling is appropriate, courts apply "traditional equitable tolling principles [which] require a claimant to justify [his] untimely filing by a showing of extraordinary circumstances." *Id.* Equitable tolling is appropriate only "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). For example, equitable tolling may be appropriate "where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no

reasonable way of discovering the wrong perpetrated against [him]." *Jackson*, 506 F.3d at 1353 (quoting *Waller v. Comm'r*, 168 Fed. App'x 919, 922 (11th Cir. 2006)).

Here, Mr. Turner has not presented evidence of extraordinary circumstances. Instead, Mr. Turner's filing delay is the result of his counsel's "oversight" caused by his "over 160 Social Security [sic] pending in District Court." (Doc. 12 at 12). Mr. Turner's counsel was "confused on the date of Appeals Council denial, believing denial was 4/18/20 instead of 4/18/19." (*Id.*). But the failure of Mr. Turner's attorney to properly manage his caseload is not grounds for equitable tolling. Mr. Turner has presented no evidence of the extraordinary circumstances that would warrant equitable tolling of the sixty-day time limit. Even viewing the evidence in the light most favorable to Mr. Turner, his claim is time-barred by § 405(g). Accordingly, the court **WILL GRANT** the Commissioner's motion.

## III.   CONCLUSION

The court **WILL GRANT** the Commissioner's motion for summary judgment (doc. 10) and **WILL ENTER SUMMARY JUDGMENT** in favor of the Commissioner and against Mr. Turner.

**DONE** and **ORDERED** this April 23, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE